FOR PUBLICATION

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>NICHOLAS L. AZEGLIO, SR.,<br><br>                        Debtor. | Case No. 19-29009 (JNP)<br><br>Chapter 13 |
| NICHOLAS L. AZEGLIO, SR.,<br><br>                        Plaintiff,<br><br>v.<br><br>ACT PROPERTY, LLC,<br><br>                        Defendant. | Adv. Pro. No. 19-2192<br><br>Judge: Jerrold N. Poslusny, Jr. |

**MEMORANDUM DECISION**

**JERROLD N. POSLUSNY, JR., U.S. Bankruptcy Judge**

Nicholas L. Azeglio, Sr. ("Debtor") filed an adversary complaint (the "Complaint") against ACT Property, LLC ("Defendant"), seeking to avoid the transfer of real property which was completed pursuant to a tax foreclosure judgment. Defendant filed a motion to dismiss the Adversary Proceeding and a motion for relief from stay in the main case.[1] Debtor opposed both motions.

The primary issue is one which has recently been directly, and indirectly, considered by several judges in this District: whether the date on which a *lis pendens* is filed is treated as the date of transfer for purposes of sections 547 and 548 of the Bankruptcy Code. If yes, then the date of transfer in this case would be outside both the 90-day preference lookback period (the "Preference Period") and the two-year fraudulent transfer period (the "Fraudulent Transfer Period,"

---

[1] The Court heard arguments for both motions together.

collectively the "Look Back Periods"). See 11 U.S.C. §§ 547(b)(4)(A), 548(a)(1). If no, then the transfer took place on the date of the foreclosure judgment, which was within both Look Back Periods.

In In re Polanco, 622 B.R. 631 (Bankr. D.N.J. 2020), I concluded that the date of transfer for purposes of a preference is the lis pendens filing date. Debtor presents no arguments in this case to change that decision. Similarly, because In re Stahlberger, 2021 WL 509849 (Bankr. D.N.J. 2021) (Altenburg, J.), is persuasive, I conclude that the effective date of transfer for a fraudulent transfer action under section 548 is also the lis pendens filing date. Therefore, because the lis pendens in this case was filed prior to both Look Back Periods, Debtor cannot prevail under either section 547 or 548, and both motions will be granted for Defendant.

## I.    Background

The relevant facts are undisputed. In 2014, US Bank Cust/ACTLien Holding ("US Bank") purchased a tax sale certificate against Debtor's property, located at 380 West Weymouth Road, Vineland, New Jersey (the "Property"). Adv. Pro. Dkt. No. 1, 18. In March 2017, US Bank filed a complaint against Debtor, in the Superior Court of New Jersey,[2] seeking to foreclose on the Property and Debtor's right of redemption (the "Tax Foreclosure Proceeding"), Adv. Pro. Dkt. No. 18. Shortly thereafter, on March 17, 2017, US Bank filed a notice of lis pendens (the "Lis Pendens Filing Date") in accordance with New Jersey law. Id. Subsequently, Defendant was assigned the tax sale certificate and substituted as the plaintiff in the Tax Foreclosure Proceeding. Id. On July 10, 2019, the state court entered a final judgment (the "Tax Foreclosure Judgment") foreclosing Debtor's right of redemption and transferring title to the Property to Defendant. Adv. Pro. Dkt. No. 1, 18.

---

[2] ACT PROPERTY, LLC v. Nicholas L. Azeglio, Sr., et al., Superior Court, Chancery Division, Cumberland County, Dkt. No. F-005959-17.

2

On October 7, 2019, Debtor filed a petition for relief under Chapter 13 of the Bankruptcy Code (the "Petition Date"). Dkt. No. 1. Two weeks later, Debtor filed the Complaint seeking to avoid the Tax Foreclosure Judgment as either a preference or a fraudulent transfer pursuant to sections 547(b) and 548(a)(1)(B) of the Bankruptcy Code. Adv. Pro. Dkt. No. 1.

Debtor argues the transfer occurred on the Tax Foreclosure Judgment date, not the <u>Lis Pendens</u> Filing Date, because entry of the Tax Foreclosure Judgment is what divests property interests. Adv. Pro. Dkt. No. 20. According to Debtor, until entry of a final judgment a bona fide purchaser could acquire an interest superior to Defendant's by redeeming the tax sale certificate when it purchases the Property. <u>Id.</u> Specifically, Debtor argues that because the Tax Foreclosure Judgment was entered 89 days prior to the Petition Date, the transfer for avoidance purposes was within both Look Back Periods. <u>Id.</u> To support this theory, Debtor argues decisions in this District, specifically <u>Polanco</u>, <u>Stahlberger</u>, and <u>In re Nealy</u>, 623 B.R. 278 (Bankr. D.N.J. 2021) (Kaplan, C.J.), incorrectly interpret sections 547(e) and 548(d). <u>Id.</u>

Defendant conversely argues[3] the transfer occurred on the <u>Lis Pendens</u> Filing Date, which was more than two years prior to the Petition Date, placing the transfer outside both Look Back Periods. Adv. Pro. Dkt. No. 18. Defendant relies on the above decisions in supporting its argument. <u>Id.</u> Therefore, Defendant argues, because the transfer was outside the Look Back Periods, Debtor cannot prevail on either count, and dismissal of the adversary proceeding and granting stay relief to allow Defedant to proceed with its state law remedies related to the Property is appropriate. <u>Id.</u>

## II.    Jurisdiction

This Court has jurisdiction under 28 U.S.C. §§ 157(b) and 1334(b). Venue is proper in this Court under 28 U.S.C. § 1408. This is a core proceeding under 28 U.S.C. §157(b)(2)(A), (F), (G), and (H).

---

[3] Defendant incorporates its arguments from the motion to dismiss into the motion for relief from the automatic stay.

3

### III. Discussion

In determining whether Debtor can successfully avoid the transfer, the Court must consider whether the date of transfer for the purposes of sections 547 or 548 of the Bankruptcy Code is the Lis Pendens Filing Date or the Tax Foreclosure Judgment date.

#### A. Standard for Dismissal

Pursuant to Federal Rule of Civil Procedure 12(b)(6), made applicable by Federal Rule of Bankruptcy Procedure 7012, a motion to dismiss may be granted if the complaint fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, the complaint must "contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" Aschoft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A motion to dismiss must be filed before any responsive pleading, including an answer. Turbe v. Gov't of Virgin Islands, 938 F.2d 427, 428 (3d Cir. 1991); Fed. R. Civ. P. 12(b). Untimely motions to dismiss are treated as motions for judgment on the pleadings pursuant to Rule 12(c). Id. "In this situation, we apply the same standard as under Rule 12(b)(6)." Id.

However, Rule 12(d) states: "if on a motion under Rule 12(b)(6) or (12)(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). Here, Defendant's motion to dismiss must be treated a motion for summary judgment because Defendant filed the motion to dismiss after the answer, and the Complaint does not mention the lis pendens.

Under Rule 56(a), made applicable by Bankruptcy Rule 7056, summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see Polanco, 622 B.R. at 635. Rule 56 requires a court enter summary judgment if a party is unable to establish the

4

existence of an element essential to that party's case as to which that party will bear the burden of proof at trial. Id.; Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "In deciding a motion for summary judgment, the judge's function is not to weigh the evidence and determine the truth of the matter, but rather to determine if there is a genuine issue for trial." Josey v. John R. Hollingsworth Corp., 996 F.2d 632, 637 (3d Cir. 1993). Because the material facts are not in dispute, and Debtor cannot show that the transfer occurred within the Look Back Periods, summary judgment is appropriate in this case.

B.   Section 547 Preference Action

A preference action under section 547(b) of the Bankruptcy Code permits a plaintiff to avoid any transfer of an interest of the debtor in property that was: (1) to or for the benefit of a creditor; (2) on account of an antecedent debt; (3) made while the debtor was insolvent;[4] (4) made within 90 days before the Petition Date (or one year for an insider); and (5) enabled a creditor to receive more than it would have under a Chapter 7 liquidation. See 11 U.S.C. § 547(b). For real property, the date of transfer is the date of perfection. Polanco, 622 B.R. at 637; see 11 U.S.C. § 547(b)(4), (e)(1). Pursuant to section 547(e)(1), a party's interest "is perfected when a bona fide purchaser of such property . . . cannot acquire an interest that is superior to the interest of the transferee." 11 U.S.C. § 547(e)(1) (emphasis added).

In Polanco I found that, under New Jersey law, the filing of a lis pendens meets the requirements for perfection in section 547(e)(1). Therefore, the date of transfer for purposes of a preference is the lis pendens filing date. See Polanco, 622 B.R. at 637. The material facts of this case are identical to Polanco. In both cases the defendant filed a lis pendens prior to the Preference Period, but obtained the tax foreclosure judgment during the Preference Period.

---

[4] For the purposes of section 547, "the debtor is presumed to have been insolvent on and during the 90 days immediately preceding the date of the filing of the petition." Hackler, 938 F.3d at 478; 11 U.S.C. § 547(f).

5

However, Debtor makes an argument not raised in Polanco - that a bona fide purchaser could have acquired a superior interest in the Property by paying off the tax lien. Therefore, Debtor argues that Polanco was incorrectly decided. Debtor's argument must fail because under New Jersey law there cannot be a bona fide purchaser once a lis pendens is filed.

A bona fide purchaser is "'one who has purchased property for value without notice of any defects in the title of the seller' . . . whether or not such a purchaser exists." In re Rapid Freight Sys., Inc., 2011 WL 1300441, at *7 (Bankr. D.N.J. 2011) (emphasis added) (quoting United States v. Hunter (In re Walter), 45 F.3d 1023 1030 (6th Cir. 1995)). Under New Jersey law, filing a lis pendens "gives the world notice that the party has an interest in the property 'which will be deemed superior to all subsequently obtained interests in the property.'" Polanco, 622 B.R. at 637 (quoting United Sav. & Loan Ass'n of Trenton N.J. v. Scruggs, , 436 A.2d 559, 561 (N.J. Super. Ch. 1981)) (emphasis in Polanco). Specifically, for pending foreclosure actions, filing a lis pendens puts all potential buyers on constructive notice. Id. ("The New Jersey Supreme Court has stated that '[t]he effect of the filing of a notice of lis pendens is constructive notice of a pending action concerning that real estate, and a purchaser or mortgagee takes subject to the outcome of the lawsuit.'"); Manzo v. Shawmut Bank, N.A., 677 A.2d 224, 226 (N.J. App. Div. 1996); see N.J.S.A. 2A:15-7.[5] Therefore, because filing a lis pendens imputes notice, a bona fide purchaser cannot exist, and Defendant's interest is considered perfected as of the Lis Pendens Filing Date under section 547. Polanco, 622 B.R. at 637; In re Sandman, 2013 WL 3991971, at *4 (Bankr. W.D. Pa. Aug. 1,

---

[5] New Jersey law provides the effect of filing a lis pendens imputes knowledge on subsequent interest takers by constructive notice:

> from and after the filing of a notice of lis pendens, any person claiming title to, interest in or lien upon the real estate described in the notice through any defendant in the action as to which the notice is filed shall be deemed to have acquired the same with knowledge of the pendency of the action, and shall be bound by any judgment entered therein . . . .

N.J.S.A. 2A:15-7 (emphasis added); see also Manzo, 677 A.2d at 227.

6

2013) ("It is this notice function that 'trumps' the Trustee's status as a bona fide purchaser and enables a lis pendens to function as perfection of a transfer pursuant to Section 547(e)(1)(A)."); see also Stahlberger, 2021 WL 509849, at *15; 11 U.S.C. § 547(e)(1).

As such, filing a lis pendens puts the holder's interest "'superior to all subsequently obtained interests in the property'" as any subsequent purchaser's interest is subject to the lis pendens, not "free and clear." Polanco, 622 B.R. at 637 (quoting United Sav. & Loan Ass'n of Trenton, N.J. v. Scruggs, 436 A.2d 559, 561 (N.J. Super. Ch. 1981)) (emphasis in Polanco); Manzo, 677 A.2d at 227. Therefore, Plaintiff's argument that a bona fide purchaser could obtain superior title to Defendant must fail because there could not have been a bona fide purchaser once the lis pendens was filed.

New Jersey tax lien foreclosure law provides further support for this conclusion. Once a tax foreclosure complaint is filed, a third-party can only purchase a property and redeem the tax sale certificate by intervening in the proceeding and upon court scrutiny to ensure "more than nominal consideration" is given for the property. Simon v. Cronecker, 915 A.2d 489, 499 (N.J. 2007) (citing N.J.S.A. 54:5-89.1, -98). A third party seeking to intervene in a tax foreclosure action would be conceding that it has notice of the tax sale certificate holder's interest in the property, and would admit it is attempting to pay the tax lien rather than arguing it is entitled to title superior to the certificate holder. Therefore, any potential purchaser would not be a bona fide purchaser.

As such, there is no basis to change the ruling in Polanco – the date of transfer for the purposes of section 547 is the Lis Pendens Filing Date. Polanco, 622 B.R. at 637; see also Stahlberger, 2021 WL 509849, at *17. Therefore, because Debtor cannot meet his burden of proof that the transfer occurred within Preference Period, Defendant is entitled to judgment on the preference count of the Complaint.

To determine whether Debtor can avoid the transfer as a fraudulent transfer, the discussion now turns to whether the Lis Pendens Filing Date is also the date of transfer pursuant to section 548.

### C. Section 548 Fraudulent Transfer Action

Section 548(a)(1)(B) states in pertinent part:

> (a)(1) The trustee may avoid any transfer . . . incurred by the debtor, that was made or incurred on or within 2 years before the date of the filing of the petition, if the debtor voluntarily or involuntarily-
>
> \* \* \*
>
> (B) (i) received less than a reasonably equivalent value in exchange for such transfer or obligation; and
>     (ii)(I) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation . . . .

11 U.S.C. § 548. Section 548(d)(1) states:

> For the purposes of this section, a transfer is made when such transfer is so perfected that a bona fide purchaser from the debtor against whom applicable law permits such transfer to be perfected cannot acquire an interest in the property transferred that is superior to the interest in such property of the transferee, but if such transfer is not so perfected before the commencement of the case, such transfer is made immediately before the date of the filing of the petition.

11 U.S.C. § 548(d)(1).

In Stahlberger, Judge Altenburg analyzed the perfection language in sections 547(d) and 548(e) in accordance with New Jersey law to determine "N.J.S.A. 2A:15-7(a)'s provision satisfies section 547(e) and 548(d)(1)'s definitions of perfection: that a bona fide purchaser cannot acquire an interest that is superior to the interest of the transferee." Stahlberger, 2021 WL 509849, at \*15; see N.J.S.A. 2A:15-7. The court found "for purposes of a preference and fraudulent transfer, both perfection and therefore the transfer occurred" on the lis pendens filing date. Id. at \*19. Thus,

"[b]ecause section 548(d)(1) provides that a transfer is made when perfected," the court used the lis pendens filing date to find the transfer outside the two-year avoidance period. Id. *15.

Stahlberger is persuasive, as the perfection language in both sections leads to the same outcome under New Jersey law. See 11 U.S.C. §§ 547(e)(1)(A) and 548(d)(1). Therefore, following Polanco and Stahlberger, the date of transfer of an alleged fraudulent transfer of a tax lien foreclosure is the lis pendens filing date. As such, the transfer in this case occurred outside the Fraudulent Transfer Period.

Debtor's bona fide purchaser argument fails here for the same reasons discussed above. Thus, the Lis Pendens Filing Date is the date of transfer and because Debtor cannot meet his burden of proof, Defendant is entitled to judgment on the fraudulent transfer count as well.

### D. Relief from the Automatic Stay

Since Defendant holds title to the Property and Debtor is unable to avoid the transfer and recover the Property under either section 547 or 548, the best claim Debtor has to the Property is possession as a tenant at sufferance. In In re St. Clair, 251 B.R. 660, 667 (D.N.J. 2000), the court stated that "mere possessory interest," without more, is insufficient to continue the automatic stay as the automatic stay only applies to a tenancy in sufferance if the tenant "has a good-faith, colorable claim to possession or control of the property." Id. at 667. As discussed above, Debtor does not have a claim to the Property. Therefore, this Court will grant Defendant's motion for stay relief.

### IV.    Conclusion

Defendant's motions will be granted. Pursuant to sections 547 and 548 of the Bankruptcy Code, the filing of the lis pendens is the date of transfer. Therefore, the transfer here occurred outside both Look Back Periods, and Debtor cannot avoid the transfer and recover title to the Property. As such, there are no genuine disputes of material facts and summary judgment on both counts is appropriate and will be granted. For the same reasons, Defendant has shown cause for stay relief in the main case, and that motion will also be granted.

Dated: July 23, 2021

JERROLD N. POSLUSNY, JR.
U.S. BANKRUPTCY COURT JUDGE